**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0535-21

LISA JEFFERSON, on behalf of
herself and those similarly situated,

    Plaintiff-Appellant,

v.

MIDLAND CREDIT
MANAGEMENT, INC.,

    Defendant-Respondent.

_____

Argued June 6, 2022 – Decided June 30, 2022

Before Judges Rothstadt, Mayer, and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0023-21.

Scott C. Borison (Borison Firm LLC) of the District of Columbia, Maryland, and California bars, admitted pro hac vice, argued the cause for appellant (Kim Law Firm LLC, and Scott C. Borison, attorneys; Scott C. Borison and Yongmoon Kim, of counsel and on the briefs).

Han Sheng Beh argued the cause for respondent (Hinshaw & Culbertson LLP, attorneys; Han Sheng Beh, on the brief).

PER CURIAM

Plaintiff Lisa Jefferson appeals from an August 6, 2021 order granting summary judgment, compelling arbitration, and dismissing her complaint against defendant Midland Credit Management, Inc. (MCM), and a September 24, 2021 order denying her motion for reconsideration and other relief. We affirm the order compelling arbitration. However, we remand the matter to the trial court to enter an amended order staying the case pending arbitration.

In 2012, Credit One Bank issued a credit card to Jefferson. Credit One Bank mailed the credit card and a copy of a Visa/Mastercard Cardholder Agreement, Disclosure Statement and Arbitration Agreement (Agreement) to Jefferson. The Agreement defined the parties to the contract, and specified "we," "us," "our," and "Credit One Bank" referred to "Credit One Bank, N.A., its successors or assigns." By using the credit card, Jefferson consented to the terms of the Agreement.

The Agreement included an arbitration provision (Arbitration Provision). The Arbitration Provision, distinguished by use of bold font and capital letters, specified any dispute would be resolved by binding arbitration and governed by the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1 to 16. The Arbitration Provision read:

## ARBITRATION

**PLEASE READ THIS PROVISION OF YOUR CARD AGREEMENT CAREFULLY. IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY CONTROVERSY OR DISPUTE BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO A JURY AND THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, A DISPUTE IS RESOLVED BY A NEUTRAL ARBITRATOR INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT. IN ARBITRATION, YOU MAY CHOOSE TO HAVE A HEARING AND BE REPRESENTED BY COUNSEL.**

The Arbitration Provision also identified the claims subject to arbitration:

Claims subject to arbitration include not only [c]laims made directly by you, but also [c]laims made by anyone connected with you or claiming through you, such as a co-applicant or authorized user of your account, your agent, representative or heirs, or a trustee in bankruptcy. Similarly, [c]laims subject to arbitration include not only [c]laims that relate directly to us, a parent company, affiliated company, and any predecessors and successors (and the employees, officers and directors of all of these entities), but also [c]laims for which we may be directly or indirectly liable, even if we are not properly named at the time the [c]laim is made. . . .

Additionally, the Arbitration Provision survived:

A-0535-21

(i) termination or changes in the Agreement, the account and the relationship between you and us concerning the account; (ii) the bankruptcy of any party; and (iii) any transfer or assignment of your account, or any amounts owed on your account, to any other person.

Credit One Bank sold its receivables to MHC Receivables, LLC (MHC), who then sold them to FNBM, LLC (FNBM). Credit One Bank did not retain any interest in the credit card accounts or associated receivables after the sale. Jefferson's indebtedness arising from her use of the Credit One Bank credit card became a receivable, and her account was transferred to MCH and FNBM.

On March 11, 2015, MHC and FNBM sold, assigned, and conveyed their collective rights, title, and interest to a series of accounts, originating with Credit One Bank and including Jefferson's account, to Sherman Originator III, LLC (Sherman). MHC and FNBM did not retain any rights, title, or interest in the accounts or receivables transferred to Sherman.

In March 2015, Sherman sold Jefferson's account to Midland Funding, LLC (Midland Funding) as part of a pool of charged off accounts.[1] Sherman sold, assigned, and transferred all rights, title, and interest in Jefferson's account

---

[1] The term "charged off" means the creditor "ceased its own efforts to bring the account current, closed the account, and referred it for collection." Cooper v. Pressler & Pressler, LLP, 912 F.Supp. 178, 181 n.3 (D.N.J. 2012).

A-0535-21

to Midland Funding. According to an affidavit provided by the Manager of Operations for MCM, Midland Funding and MCM are affiliated entities. MCM collects the debt and services Midland Funding's accounts. Any amounts MCM collected from charged off accounts, such as Jefferson's account, it pays to Midland Funding.[2]

On January 4, 2021, Jefferson sued MCM asserting it violated the Consumer Fraud Act and engaged in the unauthorized practice of law. About four months later, MCM moved to dismiss Jefferson's complaint and compel arbitration. Jefferson opposed the motion. The motion judge converted the filing to a motion for summary judgment and heard oral argument on May 28, 2021. Because certain electronically filed documents in support of MCM's motion for summary judgment were inadvertently deleted from the trial court's filing system, the judge denied the motion without prejudice.

---

[2] Midland Funding's website confirms it "works with its affiliate, [MCM] to service accounts." Midland Funding, LLC, https://www.midlandcredit.com/who-is-mcm/midland-funding-llc (last visited June 15, 2022). MCM "is a debt collector that services accounts owned by Midland Funding." FAQs, https://www.midlandcredit.com/help-center/faqs. According to this website, "[i]f you received a letter from MCM, this means a creditor you had an account with has closed your account and sold it to one of our family of companies. You will need to work with MCM, not your original creditor, to resolve your account." Ibid.

A-0535-21

MCM refiled its motion for summary judgment, which Jefferson opposed. In an August 7, 2021 order and attached written decision, the motion judge granted MCM's motion to compel arbitration and dismissed Jefferson's complaint in its entirety. The judge concluded "[t]he Agreement and Arbitration Provision [were] valid and enforceable" because Jefferson "consented to the terms of the Agreement, including the Arbitration Provision."

The judge also found the following: the Agreement applied to Credit One Bank's successors and assigns; Credit One Bank validly transferred its rights, title, and interest in various accounts, including Jefferson's account, to MHC; MHC and FNBM validly transferred those rights to Sherman; Sherman transferred those rights to Midland Funding; and "MCM managed and serviced" the rights transferred to Midland Funding. Based on these findings, the judge concluded "MCM, an affiliate of Midland [Funding], [was] entitled to enforce the Arbitration Provision" because the language in the Arbitration Provision applied to "[c]laims that directly related to us, a parent company, affiliated company, and any predecessors and successors . . . ." She also found the Agreement survived transfers or assignments of Jefferson's account. The judge concluded:

> MCM is Midland [Funding]'s affiliate tasked with collection on [Jefferson]'s delinquent [a]ccount.

6

Accordingly, since Midland [Funding] stepped into the shoes of Sherman and acquired the same rights of Sherman to compel arbitration, upon assignment of [Jefferson's] [a]ccount, Midland [Funding]'s affiliates, including MCM, may also enforce the Arbitration Provision under the plain language of the Agreement.

Jefferson filed a motion for reconsideration and to amend her complaint to add a new plaintiff. MCM opposed the motion. In a September 24, 2021 order, the judge denied Jefferson's motion in its entirety, placing her reasons on the record. The judge determined Jefferson failed to cite any evidence or case law the court overlooked in the August 7, 2021 order compelling arbitration. Regarding Jefferson's motion to amend the complaint to add a new party, the judge denied the motion based on the dismissal of her complaint on August 7, 2021, concluding there was no longer an active litigation.

On appeal, Jefferson argues the Arbitration Provision only applied to Credit One Bank and the judge erred in broadly construing the "Claims Covered" section to include MCM, a non-party to the Agreement. She also claims the Agreement violated her constitutional right to a trial because it was unclear the Agreement applied to parties other than Credit One Bank. Additionally, Jefferson asserts Midland Funding did not have rights under the Agreement because MCM failed to provide copies of the documents establishing the Credit One Bank transfer to Midland Funding. Further, Jefferson contends MCM

7

cannot claim rights through Midland Funding because MCM and Midland Funding are separate entities. Jefferson also argues the judge erred in denying her motion to amend the complaint. Alternatively, she claims her complaint should have been stayed rather than dismissed. We reject Jefferson's arguments except we remand for the judge to enter an amended order staying the litigation pending arbitration.

We review the trial court's grant or denial of a motion for summary judgment de novo, applying the same legal standard as the trial court. Woytas v. Greenwood Tree Experts, Inc., 237 N.J. 501, 511 (2019). A motion for summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c); see Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). "To decide whether a genuine issue of material fact exists, the trial court must 'draw[] all legitimate inferences from the facts in favor of the non-moving party.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016)). Summary judgment "is not meant to 'shut

a deserving litigant from his [or her] trial.'" Ibid. (quoting Brill, 142 N.J. at 540).

We review contracts, including agreements containing arbitration provision, applying a de novo standard. Atalese v. U.S. Legal Services Group, L.P., 219 N.J. 430, 445-46 (2014). We accord no deference to a trial court's decision compelling arbitration. Morgan v. Sanford Brown Institute, 225 N.J. 289, 303 (2016).

We first address Jefferson's argument the judge improperly expanded the parties entitled to compel arbitration under the Agreement to include MCM by considering the language in the "Covered Claims" provision rather than focusing on the language in the Arbitration Provision. We disagree.

The Agreement applied to Credit One Bank's successors or assigns. In the Arbitration Provision, included within the Agreement, "[c]laims subject to arbitration include not only [c]laims that relate directly to us, a parent company, affiliated company, and any predecessors and successors . . . ." A straightforward reading of the Arbitration Provision includes claims made against an affiliate of a successor or assign, such as MCM. Jefferson does contend Midland Funding is not a valid successor or assign of Credit One Bank's accounts. Under the Arbitration Provision, MCM, as Midland Funding's

affiliate tasked with servicing and collecting delinquent funds on charged off accounts, has the same rights as Midland Funding, including the right to compel arbitration.

Here, the Arbitration Provision clearly covered claims asserted by a party to the Agreement. The term "we" is broadly defined at the beginning of the Agreement as including successors and assigns of Credit One Bank. The "Claims Covered" section in the Arbitration Provision follows the definition section in the Agreement.

Jefferson is a party to the Agreement and asserted claims against MCM, an affiliate of Midland Funding. Jefferson does not challenge MCM's status as an affiliate of Midland Funding. Based on MCM's status as an affiliate of a successor under the Agreement, MCM is entitled to compel arbitration of claims identified as subject to arbitration in the Arbitration Provision.

Jefferson mistakenly relies on White v. Sunoco, Inc., 870 F.3d 257, 267-68 (3d Cir. 2017), in support of her argument that MCM is not a party to the Agreement and therefore cannot compel arbitration. In White, the agreement containing the arbitration clause governed the relationship between the credit cardholder, White, and credit card issuer, Citibank. Id. at 260. However, the party seeking to compel arbitration, Sunoco, had no connection or affiliation

with Citibank.  <u>Ibid.</u>  Rather, Sunoco had a separate agreement with White governing rewards points and that separate agreement lacked an arbitration provision.  <u>Id.</u> at 262.  The facts in <u>White</u> are clearly distinguishable because MCM has an affiliation and connection with Midland Funding and the Arbitration Provision remained unaffected by the assignment or transfer of accounts.

We next review Jefferson's claim the Agreement violated her constitutional right to a jury trial.  We reject this argument and conclude the language in the Agreement and Arbitration Provision satisfied the requirements for compelling arbitration under <u>Morgan</u>.  <u>See</u> 225 N.J. at 294.

Here, in capital letters and bolded font, the Arbitration Provision plainly and unambiguously advised Jefferson was foregoing her right to proceed in court and have a jury review her claims.  The Arbitration Provision also stated Jefferson waived her right to pursue a class action.  Through her use of Credit One Bank's credit card, Jefferson assented to be bound by the Agreement, including the clear and unequivocal terms of the Arbitration Provision.  Jefferson never denied her consenting to arbitration under the Agreement.  Rather, she argued MCM could not compel arbitration because it was not a party to the Agreement.  For the reasons previously stated, we reject that argument.

Based on the plain language in the Agreement and Arbitration Provision, a reasonable consumer reviewing the document would understand he or she was subject to binding arbitration for claims arising from the use of the issued credit card.

We next consider Jefferson's argument MCM failed to provide copies of the agreements supporting the various assignments transferring the right to compel arbitration commencing with Credit One Bank and ending with MCM. We are not persuaded by Jefferson's argument.[3]

Here, individuals with personal knowledge filed affidavits on behalf of MCM regarding the assignment of "all rights, title and interest" to Credit One Bank's receivables, including Jefferson's account. Based on the affiants' review of the transfer documents, the affidavits detailed the history of each subsequent assignment, including the assignment to Midland Funding.

Jefferson had ample opportunity to conduct discovery to obtain complete and unredacted copies of the relevant agreements conveying Credit One Bank's rights, title, and interest in the accounts, including the right to compel arbitration. After the motion judge denied MCM's motion to dismiss, Jefferson

---

[3] Jefferson relies on unpublished cases in support of her argument on this point. We do not rely on unpublished cases in reviewing appeals. See R. 1:36-3 ("No unpublished opinion shall constitute precedent or be binding upon any court.").

had several months to request the production of documents or serve any other discovery requests to support her theory that the right to compel arbitration was never conveyed to Midland Funding.  Rather than request discovery, Jefferson offered her own unsubstantiated speculation that the assignment documents failed to include the right to compel arbitration.

We are satisfied Jefferson had sufficient time to propound discovery to support her contention that MCM never acquired the right to compel arbitration. As our Supreme Court has held, summary judgment should be granted "after adequate time for discovery and upon motion."  Friedman, 242 N.J. at 472 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).  In opposing summary judgment, Jefferson elected not to propound discovery or request depositions of the individuals who attested to the various assignments of Credit One Bank's accounts.  As a result, she cannot belatedly argue MCM failed to proffer sufficient evidence in support of its summary judgment motion.

We turn to Jefferson's argument the judge should have stayed the matter pending arbitration rather than dismissed the complaint.  We agree.

The FAA permits a court to "stay the trial of the action until such arbitration has been had. . . ."  9 U.S.C. § 3.  Similarly, New Jersey statutory law provides, "[i]f the court orders arbitration, the court on just terms shall stay any

judicial proceeding that involves a claim subject to the arbitration." N.J.S.A. 2A:23B-7. Based on the language of the FAA and N.J.S.A. 2A:23B-7, the matter should have been stayed pending the arbitration. Thus, we remand to the trial court to enter an amended order staying Jefferson's claims pending the outcome of the arbitration.

To the extent we have not addressed any remaining arguments, those arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed as to compelling arbitration. Remanded for the entry of an amended order consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0535-21